UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| I.A.M. NATIONAL PENSION FUND, NATIONAL PENSION PLAN, et al., <br><br>           Plaintiffs, <br><br>     v. <br><br> ALUMINUM FINISHING OF GEORGIA CORP., <br><br>           Defendant. | ) ) ) ) ) ) ) Case No. 06CV0608 EGS ) ) ) ) ) ) |

MOTION FOR JUDGMENT ON DEFAULT

Pursuant to Rule 55(b)(2), Federal Rules of Civil Procedure, plaintiffs move the Court to enter Judgment on Default in favor of plaintiffs and against defendant for all contributions due, liquidated damages and interest plus costs and attorneys' fees. The grounds for this Motion more fully set out in the attached Memorandum are:

    1. that default has been entered against defendant for failure to answer or otherwise defend as to the Complaint of plaintiffs; and

    2. that plaintiffs are entitled to the relief sought.

                                    Respectfully submitted,

Dated: July 12, 2006              /S/_____
                                  Robert T. Osgood, #247073
                                  Joseph P. Martocci, Jr., #955716
                                  1300 Connecticut Avenue, NW
                                  Suite 300
                                  Washington, DC  20036
                                  (202) 785-2658
                                  jmartocci@iamnpf.org

                                  Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
I.A.M. NATIONAL PENSION FUND,  )
NATIONAL PENSION PLAN, et al., )
                               )
            Plaintiffs,        )
                               )
     v.                        )   Case No. 06CV0608 EGS
                               )
ALUMINUM FINISHING OF GEORGIA  )
  CORP.,                       )
                               )
            Defendant.         )
_____)
```

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR JUDGMENT ON DEFAULT

Plaintiffs have moved for the entry of judgment on default against the defendant, Aluminum Finishing of Georgia Corp. The following facts, all of which are established by pleadings and papers already on file in this case (along with the verified statement filed in support of this Motion), establish that Plaintiffs are entitled under the Federal Rules of Civil Procedure to an entry of an Order in their favor directing defendant to submit all reports and appropriate payments due thereon in a timely fashion and to pay plaintiffs liquidated damages and interest accrued to date (calculated on the basis of the Fund's documents), attorney's fees and costs.

1. The Complaint in this action, was filed on April 3, 2006.

2. Service of the Summons and Complaint on the defendant was accomplished pursuant to 4(c) Federal Rules of Civil Procedure on April 5, 2006 by service upon Ken Sigsbury, President.

3. The time within which a pleading responsive to the

-3-

Complaint was required under Rule 12(a), Federal Rules of Civil Procedure, expired on April 25, 2006.

4. Default was entered by the Clerk of the Court on April 28, 2006.

5. 29 U.S.C. Section 1132(a)(3) creates an equitable action "...to enjoin any act or practice which violates any provision of this title or the terms of the plan." 29 U.S.C. Section 1132(e)(1) provides for exclusive jurisdiction in the District Courts of the United States; and 29 U.S.C. Section 1132(e)(2) permits venue where the plan is administered. The plaintiff plan is administered in the District of Columbia.

6. Plaintiffs seek in this action to enforce 29 U.S.C. Section 1145 and the terms of an Employee Pension Benefit Plan, specifically those terms which require reports to be submitted and contributions to be paid thereon in a timely fashion. Defendant was contractually bound to abide by the terms of the Plan but has been continually delinquent in its obligations, except for one month, since September 20, 2002. Plaintiffs also seek to recover liquidated damages and interest according to the terms of the Plan.

7. As the Verified Statement of Fund Director, Alan W. Skolnick (attached to this Memorandum) demonstrates, one of the

-4-

bases of pension credits in this Plan is the hours worked at a contributing employers such as defendant, confirmed by periodic audits, for determining credits of individual participants. The failure of employers such as defendant to submit reports interferes with the accurate accumulation of pension credit by its employees and the failure to employers such as defendant to pay required contributions may subject the Plan to the irreparable consequences of a failure to meet the Funding standard prescribed by 29 U.S.C. Section 1082.

    8. 29 U.S.C. Section 1132(g)(2) provides that "in any action by a fiduciary for or on behalf of a plan to enforce section 515 in which judgment in favor of the plan is awarded, the court shall award the plan - (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of - (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan..., (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and (E) such other legal or equitable relief as the court deems appropriate."

    9. Article V, Section 4 of the Trust Agreement, by which defendant has agreed to be bound, provides that liability of a delinquent employer includes reasonable attorney's fees and costs in addition to liquidated damages.

-5-

In sum, the Court's file in this case conclusively establishes the defendant's failure to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, Rule 55(a), Fed.R.Civ.P., and the Skolnick Verified Statement establishes plaintiffs' entitlement to the relief sought.  For these reasons, entry of judgment on default against the defendant, plus costs and attorneys' fees, is warranted in this case.

            Respectfully submitted,


Dated: July 12, 2006      /S/_____
               Robert T. Osgood, #247073
               Joseph P. Martocci, Jr., #955716
               1300 Connecticut Avenue, NW
               Suite 300
               Washington, DC  20036
               (202) 785-2658
               jmartocci@iamnpf.org

               Attorneys for Plaintiffs