UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                 )
I.A.M. NATIONAL PENSION FUND,    )
NATIONAL PENSION PLAN et al.,    )
                                 )
                 Plaintiffs,     )
                                 )
     v.                          )  Case No. 06CV0608 EGS
                                 )
ALUMINUM FINISHING OF GEORGIA    )
  CORP.,                         )
                                 )
                 Defendant.      )
_____)
```

## VERIFIED STATEMENT OF ALAN W. SKOLNICK

1. I am employed as Fund Director of the I.A.M. National Pension Fund, which is one of the plaintiffs in this action.

2. The I.A.M. National Pension Fund is a collectively-bargained, jointly-administered, labor-management pension trust fund. The Fund was created by Agreement and Declaration of Trust originally entered into in 1960.

3. As provided in the Agreement and Declaration of Trust, the Fund operates under the general direction of a Board of Trustees composed of five union-designated and five employer-designated Trustees, and is administered on a full-time basis by a professional and clerical staff headed by the Fund Director. The Fund Director and staff are located in the Fund Office at 1300 Connecticut Avenue, NW, Suite 300, Washington, DC 20036.

4. Among my responsibilities as Fund Director is the responsibility for monitoring compliance by Contributing Employers in the Plan with their obligations to make contributions to the Plan. In the course of that responsibility, I have become

-2-

thoroughly familiar with the Plan's files and records relating to the defendant herein, Aluminum Finishing of Georgia Corp.

    5.    The defendant signed a Collective Bargaining Agreement with District Lodge No. W-2 of the International Association of Machinists and Aerospace Workers (hereafter referred to as "the Union") on or about September 22, 1997. This agreement and its subsequent renewals obligated defendant to make contributions to the plaintiff Plan on behalf of all of its employees in the bargaining unit represented by District Lodge No. W-2 for collective bargaining.

    6.    In Article 35 of the Collective Bargaining Agreement described in paragraph 5, representatives of the defendant and the Union entered into/adopted the Standard Contract Language required by the Plan. Defendant thereby agreed to commence and continue making payments to the Plan at the rates and on the basis required by its Collective Bargaining Agreements with the Union. The defendant agreed to be bound by the provisions of the Trust Agreement and all amendments thereto and designated the employer members of the Board of Trustees, or their duly-appointed successors, as its representatives on the Board.

    7.    By virtue of the Collective Bargaining Agreement described in paragraph 5 above, between the defendant and District Lodge No. W-2, the defendant has been obligated to make

-3-

contributions to the Plan. Copies of the most recent three collective bargaining agreements are attached as Exhibits A1, A2 and A3.

8. The administrative procedures adopted by the Plan Trustees require each Contributing Employer to submit a written report to the Plan office each month, showing the number of hours, days, or weeks, as appropriate, for which the employer paid covered employees that month. These reports, called remittance reports, are prepared by contributing employers on forms supplied to those employers by the Plan. The information supplied on the monthly remittance reports forms the basis on which the exact amount of the employer's monthly pension contribution is calculated. The Plan's procedures now require that employers' remittance reports, and checks for the required contribution, be received by the Plan no later than the twentieth day of the month following the month for which they are owed. Reports and payments not received by the twentieth day of the month are considered delinquent.

9. The Plan has not received pension contributions due from the defendant for the months of August, 2002 through and including March, 2006. Attached hereto (as Exhibit B) is a payment history for the company, compiled after careful examination of contribution records and the monthly remittance reports submitted

-4-

by the defendant, which accurately reflect the payment history of the company for the period August, 2002 through and including March, 2006.

10. Based on the information reflected in Exhibit B, the amount due in contributions to the plaintiff Plan by Aluminum Finishing of Georgia Corp., is $291,939.20.

11. In addition, the Trust Agreement, attached hereto as Exhibit C, to which the defendant agreed to be bound, provides for the assessment of liquidated damages and interest whenever contributing employers become delinquent in payment of contributions owed. As shown in Exhibit B, the liquidated damages and interest, due from the defendant as of today total $58,298.76 and $110,727.85, respectively.

12. There are approximately 1,400 contributing employers in the I.A.M. National Pension Fund. Of that number, on July 1, 2006, approximately thirty employers were delinquent by periods of two months or longer in contributions to the Fund. Taken together, those 30 employers owe the Fund in excess of $1,000,000.00 in delinquent contributions.

I swear under the penalty of perjury that the foregoing is true and correct, this 12th day of July, 2006.

/S/
Alan W. Skolnick